■ Sanford F. Kaplan, Respondent, v E. F. Hutton Group, Inc.; et al., Respondents. Vladeck, Waldman, Elias & Engelhard, P. C., Nonparty Appellant.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered on or about August 1, 1988, which, *inter alia,* enjoined nonparty law firm Vladeck, Waldman, Elias & Engelhard, P. C. (law firm) from communicating with the *Kaplan* class members regarding the *Kaplan* litigation, is unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of permitting the law firm to respond only to, but not initiate, any telephone inquiries from members of the *Kaplan* class, and, except as thus modified, otherwise affirmed, without costs.

Late in 1987, the E. F. Hutton Group, Inc. (Hutton) and Shearson Lehman Brothers Holdings Inc. (Shearson) publicly announced that Shearson was acquiring Hutton.

Before Shearson's acquisition, 3,300 employees of Hutton were participants in an equity option plan (option plan), and approximately 300 key employees of Hutton were participants

in an equity ownership plan. The terms of both the option and equity ownership plans provide that, *inter alia,* in the event of a change of control of Hutton, the participants' rights under those plans vest.

Hutton asserted to its employees that their rights had not vested, under the option and equity ownership plans, since the Shearson acquisition had allegedly not changed the control of Hutton.

Thereafter, in December 1987, Mr. Sanford F. Kaplan *(Kaplan* action), who is a participant in the option plan, commenced in the Supreme Court, New York County, a class action based upon, in substance, breach of contract against Hutton, Shearson, and Shearson Acquisition Corp. (defendants), which seeks, *inter alia,* money damages. By order entered April 13, 1988, an IAS court permitted the *Kaplan* action to be maintained as a class action.

Subsequently, in January 1988, the law firm of Vladeck, Waldman, Elias & Engelhard, P. C. commenced, in the United States District Court, Southern District of New York, on behalf of Messrs. Christopher J. Harris and Gerald M. Daffner *(Harris* action), both of whom are participants in the equity ownership plan, a class action based upon, in substance, breach of contract against Hutton, SLBP Acquisition Corp., and Shearson, which seeks, *inter alia,* money damages.

Since the *Harris* action was having difficulty obtaining class action status in Federal court, the law firm, without State court approval, solicited members of the *Kaplan* class to exclude themselves from that class, upon the contention that the *Kaplan* action was hurting the prosecution of the *Harris* action. Apparently there are Hutton employees who are participants in the option plan as well as the equity ownership plan.

In July 1988, the law firm moved in State court to extend to September 1, 1988, the opt-out period for members of the *Kaplan* class. While the plaintiff in the *Kaplan* action did not oppose the requested extension, that plaintiff cross-moved for an order enjoining the law firm from further communication with members of the *Kaplan* class and sanctions. Thereafter, the IAS court disposed of those motions as follows: denied the law firm's motion and granted the plaintiff's "cross motion * * * only to the extent of enjoining the law firm * * * from communicating with *Kaplan* class members regarding the *Kaplan* litigation without [IAS court] approval". The law firm appeals.

After our review of the record, we find that the IAS order does not adequately deal with the problem of contacts between the law firm and *Kaplan* class members. Therefore, in the exercise of discretion, and to provide more appropriate relief within the meaning of CPLR article 9, entitled class actions, we modify the IAS order to the extent of permitting the law firm to respond only to, but not initiate, any telephone inquiries from members of the *Kaplan* class and, except as thus modified, otherwise affirmed. Concur—Murphy, P. J., Kupferman, Ross, Asch and Kassal, JJ.